FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 11 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ARREDONDO,<br><br>        Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 09-3738 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

properly consider the opinion of plaintiff's treating physician's assistant at East Valley Health Center, as reflected on the Physical Residual Functional Capacity Questionnaire form dated June 15, 2008. (See AR 523-26). The Social Security regulations exclude physicians' assistants from the category of "acceptable medical sources." See 20 C.F.R. §§ 404.1513(a), 416.913(a). Thus, the opinion of P.A. Medina constituted the opinion of an "other source" that the ALJ was permitted to consider to show the severity of plaintiff's impairments and how they affected plaintiff's ability to work. See 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). However, the ALJ was not obligated to accept or specifically refute P.A. Medina's opinion. See Bunnell v. Sullivan, 912 F.2d 1149, 1152 (9th Cir. 1990), rev'd en banc on other grounds, 947 F.2d 341 (9th Cir. 1991). Nor does it make any difference that, subsequent to the administrative hearing, plaintiff resubmitted the June 15, 2008 evaluation form completed by P.A. Medina, this time apparently countersigned by one of the physicians at East Valley Health Center. Plaintiff is unable to dispute that it was P.A. Medina who originally filled out the form. Further, it appears from the East Valley Health Center medical records that P.A. Medina was generally the one who examined and treated plaintiff. (See AR 372, 413, 415, 494, 495, 497). Although the Ninth Circuit held in Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996) that the opinion of a nurse practitioner working as part of an interdisciplinary team under the close supervision of a physician could be viewed as an acceptable medical source where the record clearly established that "she was acting as an agent" of the physician in rendering the opinion, the record here does not establish the requisite degree of supervision or agency. Finally, the Court concurs with the Commissioner that the reasons given by the ALJ for assessing greater weight to the opinion of the consultative orthopedist were sufficient in any event. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that the opinion of a consultative examiner opinion based on his own independent examination of the claimant constituted substantial evidence on which the ALJ properly could rely as a specific and legitimate

reason for rejecting the contrary opinion of a treating physician); <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict."); <u>see also, e.g.</u>, <u>Batson v. Commissioner of Social Security Administration</u>, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); <u>Crane v. Shalala</u>, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

As to Disputed Issue No. 2, the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the type, dosage, effectiveness, and side effects of plaintiff's prescribed medications. As the Commissioner points out, plaintiff's reliance on Social Security Ruling 96-7p is misplaced because that Social Security Ruling governs credibility determinations and plaintiff here is not contesting the ALJ's adverse credibility determination. Moreover, medication side effects must be medically documented in order to be considered. <u>See</u> <u>Miller v. Heckler</u>, 770 F.2d 845, 849 (1985). Thus, the instances cited by plaintiff in the Joint Stipulation of plaintiff reporting side effects in her Disability Report forms (<u>see</u> AR 141, 154) did not need to be considered.

As to Disputed Issue No. 3, it follows from the Court's rejection of plaintiff's contentions with respect to Disputed Issue Nos. 1 and 2 that reversal is not warranted based on the alleged failure of the ALJ to pose a hypothetical to the vocational expert that comported with P.A. Medina's opinion and the medication side effects reported by plaintiff. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of

1 | record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157,
2 | 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989);
3 | Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807
4 | F.2d 771, 773-74 (9th Cir. 1986). Moreover, as the Commissioner points out,
5 | Disputed Issue No. 3 is really subsumed by Disputed Issue No. 4 since the ALJ did
6 | not pose any hypothetical to the vocational expert. (See AR 61-64).

7 |     Finally, as to Disputed Issue No. 4, for the reasons stated by the Commissioner
8 | (see Jt Stip at 19-21), the Court finds and concludes that reversal is not warranted
9 | based on the ALJ's reliance on the Grids to make his vocational determination.
10 | Under the Ninth Circuit case cited by plaintiff, Tackett v. Apfel, 180 F.3d 1094 (9th
11 | Cir. 1999), the existence of non-exertional impairments does not automatically
12 | preclude application of the Grids. Use of the Grids only is precluded if the ALJ
13 | determines that the claimant's non-exertional limitations "significantly limit the range
14 | of work permitted by his exertional limitations." See id. at 1102; see also Hoopai v.
15 | Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) ("[A] vocational expert is required only
16 | when there are significant and 'sufficiently severe' non-exertional limitations not
17 | accounted for in the grid."); Lounsburry v. Barnhart, 468 F.3d 1111, 1115 n.2 (9th
18 | Cir. 2006) ("Tackett's bar on exclusive reliance on the grids is limited by its
19 | requirement that the non-exertional impairments invoked must be significant enough
20 | to limit further the range of work permitted by exertional limitations before
21 | precluding application of the grids."). Here, the ALJ determined that plaintiff's non-
22 | exertional impairments did not significantly limit the range of work permitted by her
23 | exertional limitations. (See AR 23). Instead of responding to this point in her reply
24 | regarding Disputed Issue No. 4, plaintiff merely reiterated her contention that the ALJ
25 | improperly rejected P.A. Medina's opinion that plaintiff's impairments "would
26 | frequently interfere with the attention and concentration necessary to sustain simple,
27 | repetitive work tasks." (See Jt Stip at 21).
28 |                     *******************

1  IT THEREFORE IS ORDERED that Judgment be entered affirming the
2  decision of the Commissioner and dismissing this action with prejudice.

4  DATED: December 11, 2009

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE